CHARLES W. WALWORTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8794.   Promulgated April 11, 1927.

The petitioner entered into a contract to sell certain real property. Thereafter and before any sale was consummated he conveyed to another a one-half interest in the property and in the contract for its sale. This latter transaction was *bona fide.* *Held*, that the transferee acquired a one-half interest in the property and in the contract for its sale, that the petitioner divested himself of such one-half interest and, when the sale was later consummated, petitioner was taxable only upon the profit from the sale of his one-half interest.

*Sanford Robinson, Esq.*, and *Truman Henson, Esq.*, for the petitioner.

*A. H. Murray, Esq.*, for the respondent.

The petitioner appeals from the determination by the Commissioner of a deficiency of $6,971.50 in income tax for 1921. Petitioner alleges as error the decision of the Commissioner that the total profit realized upon the sale of a residence, a one-half interest in which it is alleged belonged to his wife, is income to the petitioner.

FINDINGS OF FACT.

The petitioner is a citizen and resident of the town of Greenwich, Conn. Late in August, 1920, while the petitioner was in London, England, he received a cablegram from a Greenwich real estate broker asking him to set a price upon his residence. The petitioner answered that the property was not on the market for sale. Petitioner returned to the United States on September 29, 1920, after which date the broker again approached him regarding a possible sale. At that time business conditions were bad. Petitioner talked the matter over with his wife, who was adverse to selling. She desired her own home and did not want the proceeds of the sale to be risked in the petitioner's business. Petitioner stated to her at that time that one-half of the property was hers, that she would receive one-half of the proceeds and might use them to purchase another home in an environment better suited to her needs. She consented to the sale.

Thereafter on or about November 29, 1920, the petitioner entered into a contract to sell his residence for $115,000, title to be conveyed on January 3, 1921. A payment of $25,000 was made upon account of the purchase price when the contract was signed.

On December 29, 1920, in accordance with the oral agreement with his wife and to carry out the same, petitioner conveyed a one-half interest in such real estate to his wife by deed duly executed and delivered. This deed was recorded on December 30, 1920. On De-

cember 29, 1920, he also executed an assignment to his wife of an undivided one-half interest in and to the aforementioned contract to sell, which assignment was accepted by the wife, who agreed to carry out the terms of the sale. The assignment, acceptance and agreement on the part of the wife were written at the foot of the original contract and read as follows:

For value received, I, Charles W. Walworth, hereby sell, assign, transfer and set over to Lillian E. Walworth of Greenwich, Connecticut, an undivided one-half interest in and to the above foregoing contract between myself and Sherburne Prescott, dated November 29, 1920, for the sale of certain real estate in Greenwich, Connecticut, and I, the said Lillian E. Walworth, hereby accept this assignment and covenant and agree to and with the said Charles W. Walworth to join with him in the fulfilment of the terms thereof insofar as said fulfilment devolves upon him in as full a manner as if I were an original joint party of the first part thereof.

Signed and dated Greenwich, Connecticut, this 29th day of December, 1920.

(Signed)    CHARLES W. WALWORTH.
            LILLIAN E. WALWORTH.

On January 3, 1921, the petitioner and his wife conveyed said real estate, by deed duly executed and delivered and thereafter recorded, to the purchaser, who made payment of the balance of the purchase price by check dated January 3, 1921, drawn on the Chase National Bank to the order of Charles W. Walworth and Lillian E. Walworth in the amount of $40,000, and two promissory notes of $25,000 each drawn to the order of Charles W. Walworth and Lillian E. Walworth.

The first note was paid by check for $25,120.83 dated February 1, 1921, drawn on the Chase National Bank, payable to Charles W. Walworth and Lillian E. Walworth and thereafter endorsed by them.

The second note was paid by an order for the transfer of $25,000 to Walworth at the Irving Bank of New York.

All of these amounts were passed to the personal account of Walworth with the approval and consent of his wife on the understanding that her share of the proceeds was to be paid back to her in some form, either in cash or in securities. In compliance with this arrangement Walworth, in his personal books of account, credited his wife with one-half of the entire sale price and afterward accounted to her for her one-half of the purchase price by the delivery of securities to her and the purchase of another home for her and other payments made to her or for her account, all totaling $54,664.66, which was the amount of the wife's one-half share in the purchase price of $115,000 after deducting commissions and expenses of the sale.

The Commissioner determined that the entire profit from the transaction was income to the petitioner and determined the deficiency accordingly.

OPINION.

PHILLIPS: There is no contention that the agreement between husband and wife, made prior to the execution of the contract to sell, that the wife should have one-half of the proceeds of the sale was supported by any valuable consideration. It was in effect a promise to make a gift. An executory gift, being a promise to make a gift, has no standing either in law or equity, and that only when executed by physical, symbolic, or constructive delivery of the subject matter will a gift be recognized or enforced. Here the gift was not made until December 29, 1920, when a deed to one-half of the property and an assignment of a one-half interest in the contract was made and delivered by petitioner to his wife. We are convinced that such gift was then made in good faith, that thereafter one-half of the proceeds were legally the property of the wife and that she, in fact, received and retained them.

We come then to consider the effect of the gift made on December 29, 1920. The two instruments gave to the wife more than the right to receive one-half of the proceeds which would come to the husband from the sale. They vested in her a present interest in the contract to sell and in the property. If the purchaser defaulted she became the owner of one-half of the real estate and would be entitled, as one of the real parties in interest, to join as party plaintiff in a suit for damages for such breach. Nor would a payment of the entire proceeds to the husband have been sufficient to discharge the purchaser had notice of the assignment been given him.

While an executory gift will not be enforced either in law or equity, a gift which is executed passes the property and will be enforced in the same manner and to the same extent as a transfer of property for which a consideration was paid.

The assignment created in the wife a vested property right in the property and in the contract to sell. The proceeds were received by her, not because the husband gave them to her, but because, by a prior conveyance, she had acquired the property out of which the proceeds flowed. The assignment was of a contract to sell property and the property to be sold was also transferred to the assignee. The contract to sell was executory; no sale had taken place, no money was then due from the purchaser and no income had yet been realized, or would be realized until and unless the sale was consummated. Before this event took place; before he became entitled to any part of the purchase price, the petitioner conveyed to his wife one-half of his interest in the real estate and in the contract for its sale. He thereby divested himself of a one-half interest in both the property and the contract and, necessarily, in the proceeds of the sale. When the sale was completed he conveyed his interest and his wife conveyed her interest and each received payment therefor. A distinct line of

demarcation is to be drawn between such an assignment of property before it has given rise to income and any assignment which could have been made after the sale was consummated, when all that the assignee could transfer would be the right to receive the proceeds of the sale. We are therefore of the opinion that the petitioner had divested himself of a one-half interest in the property and in the contract for its sale and is taxable only on the gain derived from the one-half interest he retained.

> *Decision for the petitioner will be entered on*
> *15 days' notice, under Rule 50.*

SMITH dissents.